## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TIMOTHY EUGENE KELLY,

    Petitioner,

                                                                             Case No: 8:14-cv-3017-T-24-AEP

v.                                                                    Cr. No.:   8:09-cr-441-T-24-AEP

UNITED STATES OF AMERICA,

    Respondent.

_____

## **ORDER**

This cause comes before the Court on Petitioner Timothy Eugene Kelly's Motion to Reconsider (Cv. Dkt. 18).

Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence was filed on December 2, 2014. Petitioner's memorandum was stricken on December 2, 2014, because the memorandum was prepared by an attorney who had not entered an appearance in the case. Petitioner filed a memorandum in support of his § 2255 motion on February 11, 2015. In his § 2255 motion, Petitioner argued that (1) the Assistant United States Attorney committed prosecutorial misconduct, (2) he received ineffective assistance of counsel; and (3) a forthcoming response to his Freedom of Information Act request to ATF will reveal evidence supporting the aforementioned claims. On September 30, 2015, this Court denied Petitioner's § 2255 motion, holding that each of Petitioner's claims in the motion were either procedurally defaulted, failed to satisfy the standard for ineffective assistance of counsel, or was not a cognizable ground for relief

1

in a § 2255 motion. Judgment was entered in favor of the Government on September 30, 2015. Petitioner now moves for reconsideration of this Court's September 30, 2015 Order (the "Order").

A petitioner may seek relief in a postjudgment motion though Fed. R. Civ. P. 59(e). In addressing the classification of postjudgment motions, the Eleventh Circuit has drawn a substantive/collateral distinction, noting that "Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of the dispute, and not matters collateral to the merits.'" *Finch v. City of Vernon,* 845 F.2d 256, 259 (11th Cir.1988) (citations omitted).

Petitioner asserts he is entitled to reconsideration of this Court's Order pursuant to Fed. R. Civ. P. 59(e). A motion under Rule 59(e) must be filed within twenty-eight days of the entry of the judgment in question, which in this case is this Court's September 30, 2015 order. Fed. R. Civ. P. 59(e). Because Petitioner's motion is dated October 25, 2015, it is timely under Rule 59(e). The three grounds that justify granting a Rule 59(e) motion are: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *See Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.,* 62 F.Supp.2d 1316, 1331 (M.D. Fla.1999)); *see also Arthur v. King,* 500 F.3d 1335, 1343 (11th Cir.2007).

Petitioner argues he is entitled to relief on the basis of the second ground. Petitioner's motion attaches the declaration of Elaine Mittleman, describing a FOIA response letter dated July 29, 2015. The declaration asserts that items received in response to a FOIA request do not support a representation in the government's proffer at Petitioner's plea hearing that the ATF had certified that the pipe bomb had met the definition of a firearm within the statute. However, as discussed in the Court's September 30, 2015 Order, Petitioner's claim regarding the Government's representations about the ATF certification of the pipe bomb is meritless. Petitioner and his counsel were provided with reports that showed that ATF and the State Fire Marshall and Bomb Squad

Commander obtained and dissected the device, and advised that it was a pipe bomb. (Cv. Dkt. 13-2). Petitioner's attorney corroborated receipt of this discovery in an affidavit attached to the Government's Response to the § 2255 motion. (Cv. Dkt. 13-2, at 2). Thus, petitioner's argument that the Assistant United States Attorney misrepresented the ATF's certification at the guilty plea hearing or in the plea agreement is without merit. The information contained in the declaration of Elaine Mittleman does not change this outcome. Therefore, Petitioner's motion must be denied.

Accordingly, Petitioner's Motion to Reconsider (Cv. Dkt. 18) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of November, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies To: *Pro se* Petitioner